IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Scott S. Baughman, individually and as the personal representative of the Estate of Debbra Lynn Baughman, Lindsey M. Baughman, A.B., a minor,<br><br>        Plaintiffs,<br><br>vs.<br><br>Hyundai Motor America, Hyundai Motor Manufacturing Alabama, LLC, and Hyundai Motor Korea,<br><br>        Defendants. | C/A No.: 3:11-cv-1719-JFA<br><br><br><br><br><br>ORDER DENYING<br>MOTION TO DISMISS |

       This matter comes before the court on Defendant Hyundai Motor Manufacturing Alabama, LLC's ("Hyundai Alabama") Motion to Dismiss. (ECF No. 10). In its motion, Hyundai Alabama asks this court to dismiss the plaintiffs' complaint because the plaintiffs cannot show good cause for their failure to effectuate timely and proper service of the summons and complaint upon Hyundai Alabama as required by Fed. R. Civ. P. 4(m). In their response, Plaintiffs assert that they do have good cause for the delay in service. After reviewing the parties' briefs on the motion to dismiss, this court finds that the reasons given by the plaintiffs rise to the level of good cause. As such, this court denies Defendant Hyundai Alabama's Motion to Dismiss.

       The Federal Rules of Civil Procedure provide that "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m). The rule on service of process

1

further allows a court to extend the time for service "if the plaintiff shows good cause for the failure." *Id.* The Fourth Circuit has held "[w]hether the court acts before or after the deadline for service has passed, [] the court may only grant the extension for good cause." *Mendez v. Elliot*, 45 F.3d 75, 79 (1995).

Plaintiffs filed their complaint on July 18, 2011. (ECF No. 1). Plaintiffs served Defendant Hyundai Alabama by process server with the Summons and Complaint on November 17, 2011—122 days after the date of filing. According to Plaintiffs, the two-day delay was, in part, due to the fact that Hyundai Alabama's registered agent is located inside the Hyundai manufacturing plant, a secure facility located in a foreign trade zone. Because the plant is a secure facility, a process server cannot enter the facility to effect service of process. Furthermore, because the plant is located in a foreign trade zone, the State of Alabama takes the position that it cannot force Hyundai Alabama to allow a process server to enter. In order to effect service, Plaintiff's process server (who has some familiarity with Hyundai Alabama) went to the security gate at the plant and requested that someone accept service. Although service of process was expected to be effected on November 15, 2011, severe weather in Alabama, including tornado warnings, occurred on November 15 and 16, 2011. As such, service was delayed until November 17, 2011.

Hyundai Alabama points out that the location of Hyundai Alabama's registered agent did not prevent Plaintiffs' process server from effecting service on her first attempt. As to Plaintiffs' claim that inclement weather delayed service of process, Hyundai Alabama argues that Plaintiffs have provided no case law to support their argument that

tornado warnings constitute good cause. Finally, Hyundai Alabama points out that if service was effected on November 16, 2011, then it still would have been after the 120-day deadline set forth in Fed. R. Civ. P. 4(m). Based on these arguments, Hyundai Alabama submits that Plaintiffs have not shown good cause for the delay in service of process.

This court finds that Plaintiffs have shown good cause for the delay in service of process. The delay in service was brief in this case—service was effected only two days after the 120-day deadline. Furthermore, the process server has provided an affidavit averring that both the location of the registered agent and severe weather in the area complicated service in this case. Because this court finds that Plaintiffs have shown good cause for effecting service after the 120-day deadline, this court denies Hyundai Alabama's Motion to Dismiss.

IT IS SO ORDERED.

February 22, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge