IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Scott S. Baughman, individually and as the personal representative of the Estate of Debbra Lynn Baughman, Lindsey M. Baughman, A.B., a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>Hyundai Motor America, Hyundai Motor Manufacturing Alabama, LLC, and Hyundai Motor Korea,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C/A No.: 3:11-cv-1719-JFA<br><br><br><br><br>ORDER GRANTING<br>MOTION TO DISMISS |

This matter comes before the court on the Motion to Dismiss by Defendant Hyundai Motor Company, a Korean corporation (incorrectly identified as "Hyundai Motor Korea" in the Complaint, hereinafter "Hyundai Motor"). In its motion, Hyundai Motor asks this court to dismiss all claims against it pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure because Plaintiffs have failed to timely serve the foreign defendant. For the reasons that follow, this court grants Hyundai Motor's motion.

This case was filed on July 18, 2011. Under the Federal Rules of Civil Procedure, foreign defendants, such as Hyundai Motor, must be served by an internationally agreed means of service, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"). Fed. R. Civ. P. 4(f) & (h). In this case, the Plaintiffs requested that Hyundai Motor waive the requirements for service, but Plaintiffs were informed in early May of 2012 that Hyundai

1

Motor would not waive service.  Defendant Hyundai Motor filed its Motion to Dismiss on August 22, 2012.  On October 31, 2012, this court heard argument on the motion.  As of that date, Plaintiffs had still not served Hyundai Motor under the Hague Convention, and Plaintiffs informed the court, during that hearing, that they were not very far along in the process.

Fed. R. Civ. P. 4(m) imposes a 120-day time limit on service of a summons and complaint.  Service in a foreign country is exempted from that general 120-day time limit; however, several federal courts have determined that the time period for effecting service upon a foreign corporation is not without limits and that a plaintiff must act diligently and effectuate service abroad within a reasonable period of time.  *See, e.g.*, *USHA (India) Ltd. v. Honeywell Int'l, Inc.*, 421 F.3d 129, 134 (2d Cir. 2005) ("[Rule 4(m)'s] exception does not apply if, as here, the plaintiff did not attempt to serve the defendant in the foreign country."); *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005) ("[T]he amount of time allowed for foreign service is not unlimited . . . . If, for example, a plaintiff made no attempt to begin the process of foreign service within 120 days, it might be proper for a court to dismiss the claim.").

Here, Hyundai Motor asks this court to find that the Plaintiffs have been unreasonable in failing to effect service upon the Korean corporate defendant though the Plaintiffs filed the summons and complaint over a year ago, and Hyundai Motor further seeks the dismissal of all claims asserted against it.  Plaintiffs oppose the motion but fail to provide the court with any good cause for their delay in serving Hyundai Motor.  Plaintiffs have known for over six months now that they would need to serve Hyundai

Motor under the Hague Convention, yet they have failed to effect service or even to get very far along in that process. The court agrees with Hyundai Motor that Plaintiffs' delay in service is unreasonable, and, as such, the court hereby grants Hyundai Motor's motion. Accordingly, all claims against Defendant Hyundai Motor ("Hyundai Motor Korea" according to the Complaint) are dismissed.

      IT IS SO ORDERED.

November 8, 2012                     Joseph F. Anderson, Jr.
Columbia, South Carolina          United States District Judge